Filed 4/29/15  P. v. Rocha CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050491 |
| v. | (Super. Ct. No. 13CF2924) |
| JOSE VARGAS ROCHA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard J. Oberholzer, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

We appointed counsel to represent defendant on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf. Defendant was given 30 days to file written argument in defendant's own behalf. That period has passed, and we have received no communication from defendant.

On September 16, 2013, a felony complaint was filed, charging defendant Jose Vargas Rocha with domestic battery with corporal injury. On October 4, 2013, defendant pled guilty to the charge. The factual statement written on his signed guilty plea form states: "In Orange County, California, on 9/12/13 I willfully & unlawfully hit the mother of my children . . . over the head with a thermos causing a traumatic condition, a laceration to the top of her head." Defendant initialed various provisions on the guilty plea form he signed. One of those initialed provisions states: "Immigration consequences: I understand if I am not a citizen of the United States, my conviction for the offense charged will have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

One of the pages of the guilty plea form has a provision, both initialed and signed by defendant, which states he discussed each item on the form with his attorney. The defense attorney signed a paragraph which states: "I have discussed the possible sentence ranges and immigration consequences with defendant."

When the court spoke with defendant at the time of his guilty plea, defendant was assisted by a Spanish-speaking interpreter. The court stated to defendant: "If you are not a citizen of the United States, the consequence of this conviction will be deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States." Defendant told the court he understood the immigration consequences of his guilty plea.

2

On January 31, 2014, defendant filed a motion to withdraw and change his plea. Defendant's declaration states his lawyer "never explained to me that by pleading guilty, I would be deported, inadmissible for reentry to the United States, permanently ineligible to return, or precluded from naturalization." He further states in his declaration: "The day before I was supposed to be set free from jail, I was informed that I would not be set free because ICE [Immigration and Customs Enforcement] had an immigration hold on me."

When defendant's new lawyer argued his motion before the court, she told the court there was "just one simple issue; it's whether or not Mr. Rocha was denied adequate assistance of counsel in entering the plea in his case." Defendant testified his previous lawyer did not discuss the immigration consequences of his guilty plea with him. When the prosecutor cross-examined defendant about his initials next to the portion of his guilty plea form describing the immigration consequences, defendant said he didn't understand because the interpreter was "talking very fast."

At the hearing on the motion to withdraw, defendant's previous lawyer also testified. He stated he was aware that "[Penal Code section] 273.5 (a) is a deportable offense." He said he was also aware the offense "is a strike" and "a strike leads to 85-percent custody time" and that "a strike doubles low term." The lawyer described the victim's wound where there were staples in her head and her hair had not grown back. He said the prosecutor had informed him that if the case did not settle that day, a great bodily injury allegation would be filed, which would have increased the amount of prison time defendant faced.

Counsel, who speaks fluent Spanish, testified the prosecutor offered 120 days in jail and what counsel told defendant about that offer: "I told him the case had been underfiled. They had a possible charge for kidnapping, holding the victim against her will, GBI [great bodily injury] allegation; and he'd be an idiot if he didn't take the offer. I'd seen the staples. I'd seen the blood, and he was cooked." Regarding what

3

counsel told defendant about the immigration consequences, counsel testified: "I told him that it's deportable and he could get—deal with this now, not go to prison and get deported; or, go to prison and then get deported."

The court stated that both the judge and defendant's counsel advised him of the immigration consequences to his guilty plea, stating "and that is clear from the testimony, from the record." The court denied defendant's motion to withdraw.

A noncitizen defendant who has not been advised of the immigration consequences of a guilty plea may successfully move to withdraw the guilty plea on the basis of ineffective assistance of counsel when there is a showing "affirmative misadvice regarding immigration consequences." (*In re Resendiz* (2001) 25 Cal.4th 230, 235.) In defendant's case, however, the trial court concluded defendant was advised of the immigration consequences of his guilty plea by both the court and his counsel. Substantial evidence supports the trial court's findings. (*People v. Siripongs* (1988) 45 Cal.3d 548, 566-567.)

We find no other arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) The judgment is affirmed.


MOORE, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


THOMPSON, J.


4